**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
**RICHARD FICHTL,**

                **Plaintiff,**                          **COMPLAINT**

  **-against-**

**FIRST UNUM LIFE INSURANCE COMPANY,**

                **Defendant.**
-------------------------------------------------------X

    The Plaintiff, RICHARD FICHTL ("FICHTL"), by and through his undersigned counsel, hereby sues FIRST UNUM LIFE INSURANCE COMPANY ("FIRST UNUM"), and alleges as follows:

## JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. FICHTL brings this action to recover long-term disability ("LTD") benefits due to him under the terms of an employee welfare benefit plan, to enforce his rights under the plan and to clarify his rights to benefits under the terms of plan.

2. FICHTL was at all times relevant a citizen of New York, New York and in all respects sui juris.

3. FIRST UNUM is a corporation with its principal place of business in the State of New York.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that it is where the breach

took place and the Defendant may be found in this District.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to FICHTL by FIRST UNUM.

6. FICHTL was at all times material an employee of New York Presbyterian Hospital.

7. FICHTL was at all times material a plan participant under the New York Presbyterian Hospital Group Long Term Disability Insurance Policy (the "LTD Plan"), Group Policy Number LTD 550927, and the New York Presbyterian Hospital Group Life Insurance Policy (the "Life Plan"), Group Policy Number 550926, which were established by New York Presbyterian Hospital and pursuant to which FICHTL is entitled to benefits. Copies of the LTD Plan and Life Plan are contained within the administrative record.

8. The LTD Plan and the Life Plan are employee welfare benefit plans within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. FIRST UNUM is the insurer of benefits under the LTD Plan and the Life Plan and was the Plan Administrator or was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Plan and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, FIRST UNUM administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, FIRST UNUM is not entitled to a deferential standard of review.

11. FIRST UNUM is the Fiduciary charged with making benefit determinations under the LTD Plan and Life Plan, including the determinations made on FICHTL's claim at issue.

12. Pursuant to the terms and conditions of the LTD Plan, FICHTL is entitled to LTD benefits

for the duration of his disability, or until age 65, so long as he remains disabled as required under the terms of the LTD Plan.

13. Pursuant to the terms and conditions of the Life Plan, FICHTL is entitled to Waiver of Premium Benefits (WOP Benefits) on account of his disability for the duration of his disability, or until age 65, so long as he remains disabled as required under the terms of the Life Plan.

**COUNT I**
**CLAIM FOR LONG TERM DISABILITY BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B) UNDER LTD POLICY 550927**

14. FICHTL incorporates by reference all preceding paragraphs as though fully set forth herein.

15. At all times relevant, FICHTL was an employee or former employee of New Yok Presbyterian Hospital and a plan participant under the terms and conditions of the LTD Plan.

16. During the course of FICHTL's employment, FICHTL became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while FICHTL was covered under the LTD Plan, FICHTL suffered a disability, the nature of which is set forth in the administrative record, rendering him disabled as defined under the terms of the LTD Plan.

17. The LTD Plan defines Totally Disabled or Total Disability as Totally Disabled or Totally disabled is defined, in pertinent part, to mean: You are disabled when Unum determines that: (1) you are limited from performing the material and substantial duties of your regular occupation due to your sickness or injury; and (2) you have a 20% or more loss in your indexed monthly earnings due to the same injury. After 24 months of payments, you are

disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience.

18. As it relates to FICHTL's current claim under the LTD Plan the definition of disability relates to "regular occupation."

19. Pursuant to the terms of the LTD Plan, FICHTL made a claim to FIRST UNUM for benefits under the LTD Plan, with an effective date of disability of January 4, 2018.

20. Following the applicable Elimination Period benefits became payable as of July 3, 2018.

21. FIRST UNUM initially approved FICHTL's claim for LTD Benefits and in doing so determined that his disabling medical condition was limited solely to a medical condition that is subject to limitation under the terms of the LTD Plan.

22. On March 3, 2020, following review of FICHTL's file. FIRST UNUM advised FICHTL that it was terminating his claim for LTD Benefits as First Unum had determined he was no longer disabled under the terms and condition of the LTD Plan as it related to performing the material and substantial duties of his regular occupation.

23. FICHTL filed his administrative appeal of FIRST UNUM's adverse claim determination on August 23, 2020.

24. On February 26, 2021, FIRST UNUM advised FICHTL it was upholding its March 3, 2020, denial of LTD benefits.

25. FICHTL has exhausted all administrative remedies.

26. FIRST UNUM breached the LTD Plan and violated ERISA in the following respects:
    a. Failing to pay LTD benefits to FICHTL at a time when FIRST UNUM and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under

        the terms of the LTD Plan, as FICHTL was disabled and unable to work and therefore entitled to benefits.

    b. After FICHTL's claim was denied in whole or in part, FIRST UNUM failed to adequately describe to FICHTL any additional material or information necessary for FICHTL to perfect his claim along with an explanation of why such material is or was necessary.

    c. FIRST UNUM failed to properly and adequately investigate the merits of FICHTL's disability claim and failed to provide a full and fair review of FICHTL's claim.

27. FICHTL believes and alleges that FIRST UNUM wrongfully denied his claim for LTD benefits under the LTD Plan by other acts or omissions of which FICHTL is presently unaware, but which may be discovered in this future litigation and which FICHTL will immediately make FIRST UNUM aware of once said acts or omissions are discovered by FICHTL.

28. As a proximate result of the aforementioned wrongful conduct of FIRST UNUM under the LTD Plan, FICHTL has damages for loss of disability benefits in a total sum to be shown at the time of trial.

29. As a further direct and proximate result of this improper determination regarding FICHTL's claims for benefits, FICHTL, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), FICHTL is entitled to have such fees and costs paid by FIRST UNUM.

30. The wrongful conduct of FIRST UNUM has created uncertainty where none should exist, therefore, FICHTL is entitled to enforce his rights under the terms of his LTD Plan and to

clarify his right to future benefits under the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, RICHARD FICHTL prays for relief against FIRST UNUM LIFE INSURANCE COMPANY as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability.

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

## COUNT II
## CLAIM FOR EXTENSION OF DEATH BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B) UNDER LIFE POLICY 550926

31. FICHTL incorporates by reference all preceding paragraphs as though fully set forth herein.

32. At all times relevant, FICHTL was an employee or former employee of New York Presbyterian Hospital and a plan participant under the terms and conditions of the Life Plan.

33. During the course of FICHTL's employment, FICHTL became entitled to benefits under

the terms and conditions of the Life Plan. Specifically, while FICHTL was covered under the Life Plan, FICHTL suffered a disability, the nature of which is set forth in the administrative record, rendering him disabled as defined under the terms of the Life Plan, which entitled him to Waiver of Premium (WOP Benefits) under the Life Plan.

34. For purposes of WOP Benefits under the Life Plan, Disability is defined to mean that (1) during the elimination period, you are not working in any occupation due to your injury or sickness; and (2) after the elimination period, due to the same injury or sickness you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by training, education or experience.

35. FIRST UNUM approved WOP Benefits under the Life Plan on account of his approval of LTD Benefits under the LTD Plan.

36. In terminating FICHTL's claim for LTD Benefits on March 3, 2020, FIRST UNUM also terminated FICHTL's claim for WOP Benefits under the Life Plan.

37. On August 23, 2020, FICHTL filed his administrative appeal of FIRST Unum's denial of continued coverage.

38. On February 26, 2021, FIRST UNUM advised FICHTL it was upholding its original March 3, 2020, denial of his WOP Benefits.

39. FICHTL has exhausted all administrative remedies under the Life Plan.

40. FIRST UNUM breached the Life Plan and violated ERISA in the following respects:

    a. Failing to approve WOP Benefits to FICHTL at a time when FIRST UNUM and the Life Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Life Plan, as FICHTL was disabled and unable to work and therefore entitled to benefits.

    b.    After FICHTL's claim was denied in whole or in part, FIRST UNUM failed to adequately describe to FICHTL any additional material or information necessary for FICHTL to perfect his claim along with an explanation of why such material is or was necessary.

    c.    FIRST UNUM failed to properly and adequately investigate the merits of FICHTL's disability claim and failed to provide a full and fair review of FICHTL's claim.

41. FICHTL believes and alleges that FIRST UNUM wrongfully denied his claim for WOP benefits under the Life Plan by other acts or omissions of which FICHTL is presently unaware, but which may be discovered in this future litigation and which FICHTL will immediately make FIRST UNUM aware of once said acts or omissions are discovered by FICHTL.

42. As a proximate result of the aforementioned wrongful conduct of FIRST UNUM under the Life Plan, FICHTL has damages for loss of WOP benefits in a total sum to be shown at the time of trial.

43. As a further direct and proximate result of this improper determination regarding FICHTL's claims for benefits, FICHTL, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), FICHTL is entitled to have such fees and costs paid by FIRST UNUM.

44. The wrongful conduct of FIRST UNUM has created uncertainty where none should exist, therefore, FICHTL is entitled to enforce his rights under the terms of his Life Plan and to clarify his right to future benefits under the Life Plan.

**REQUEST FOR RELIEF**

WHEREFORE, RICHARD FICHTL prays for relief against FIRST UNUM LIFE INSURANCE COMPANY as follows:

1. Approval of the Waiver of Premium Benefits resulting in waiver of premiums under the Life Plan;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the Life Plan, with all ancillary benefits to which he is entitled by virtue of his disability.

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper


DATED: August 15, 2022

        ATTORNEYS DELL AND SCHAEFER, CHARTERED
        Attorneys for Plaintiff
        2625 Weston Rd
        Weston, FL 33331
        (954) 620-8300

        __/s/ *Gregory M. Dell*_____
        GREGORY MICHAEL DELL
        New York Bar No.: 4513115
        Email: gdell@diattorney.com