UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO. 1:22-cv-06932-JLR

RICHARD FICHTL,

    Plaintiff,

vs.

FIRST UNUM LIFE
INSURANCE COMPANY,

    Defendant.

_____/

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPPORT OF MOTION FOR ATTORNEY'S FEES, COSTS, AND PREJUDGMENT INTEREST**

Respectfully Submitted,

    ATTORNEYS DELL AND SCHAEFER, CHARTERED
    Attorneys for Plaintiff
    2625 Weston Rd.
    Weston, FL 33331
    Phone: (954) 620-8300
    Fax: (954) 922-6864

    */s/ Gregory M. Dell*
    GREGORY MICHAEL DELL, ESQ
    Florida Bar No: 299560
    Email: gdell@diattorney.com
    STEPHEN FRANCIS JESSUP ESQ
    Florida Bar No.: 0026264
    Email: stephen@diattorney.com
    JEREL DAWSON
    Florida Bar No.: 152390
    Email: Jerel@diattorney.com

April 22, 2024

## **TABLE OF CONTENTS**

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

I. Introduction and Background . . . . . . . . . . . . . . . .. . . . . . . . . . . . .. . . . . . . . . . . . . . . . . . . .1

II. The Court Should Deem Fichtl Entitled To Attorney's Fees and Costs. . . . . . . . . . . . . . ..2

III. The Attorney's Fees Requested by Fichtl are Reasonable. . . . . . . . . . . . . . . . . . . . . . . . . . 3

    a. Hourly Rates . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3
    b. Hours Worked . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

IV. Fichtl Should Recover Filing, Service, and Mediation Costs. . . . . . . . . . . . . . . . . . . . . . . .6

V. The Court Should Award Prejudgment Interest at 9% . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

Conclusion . . . . . . . . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . .8

# **TABLE OF AUTHORITIES**

*Donachie v. Liberty Life Assur. Co. of Boston*, 745 F.3d 41 (2d Cir. 2014) . . . . . . . . . . . . . . . . . 2

*Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . .2

*Doe v. Unum Life Ins. Co. of Am.*, No. 12-Civ-9327, 2016 WL 335867,
(S.D.N.Y., Jan. 28, 2016). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. 2, 6, 7

*Graziano v. First Unum Life Ins. Co.*, No. 21-cv-2708, 2024 WL 1175143,
(S.D.N.Y., Mar. 19, 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 4, 5 , 6

*Alfano v. CIGNA Life Ins. Co. of New York*, No. 07-Civ-9661, 2009 WL 890626,

(S.D.N.Y., Apr. 2, 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . 3

*Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144 (2d Cir. 2014) . . . . . . . . . . . . . . . . . . . . 5

*Dimopoulou v. First Unum Life Ins. Co.*, No. 1:13-cv-7159, 2017 WL 464430

(S.D.N.Y., Feb. 3, 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Finkel v. Lintech Elec., Inc.*, No. 18-cv-6865, 2021 WL 25354 (E.D.N.Y., Jan. 4, 2021) . . . . . . 6

*Cohen v. Aetna Life Ins. Co.*, No. SA-CV-19-1506, 2021 WL 2070205

(C.D. Cal., May 18, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Slupinski v. First Unum Life Ins. Co.*, 554 F.3d 38 (2d Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . .6

*Taaffe v. Life Ins. Co. of N. Am.*, 769 F. Supp.2d 530 (S.D.N.Y. 2011). . . . . . . . .. . . . . . . . . . . 7

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPPORT OF MOTION FOR ATTORNEY'S FEES, COSTS, AND PREJUDGMENT INTEREST

Pursuant to Local Rule 7.1(a)(1), Fed. R. Civ. P. 54(d), and this Court's Civil Judgment dated April 2, 2024 (DE 46), Plaintiff Richard Fichtl ("Fichtl") files this memorandum of law in support of his motion (filed contemporaneously herewith) for an order awarding him (1) his reasonable attorney's fees and costs incurred in this lawsuit, and (2) prejudgment interest at the rate of nine percent. Attached hereto in support of the instant motion are the Declaration of Gregory M. Dell ("Dell Declaration"), the Declaration of Stephen M. Jessup ("Jessup Declaration"), and the Declaration of Jerel C. Dawson ("Dawson Declaration"). (The billing records filed in support of the motion are attached to the Dell Declaration.)

### I. Introduction and Background

This case is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*. ("ERISA"). Fichtl brought suit for judicial reversal of Unum's respective decisions, as a claim administrator for an employee benefit plan, to terminate (1) long-term disability ("LTD") benefits, and (2) a disability-based group life insurance premium waiver benefit (the "Life Benefit"). Pursuant to the agreement of the parties, the case was adjudicated on the administrative record, via a "bench trial on the papers" pursuant to Fed. R. Civ. P. 52. *See* DE 44, pg. 1. In its Opinion and Order dated March 26, 2024 (DE 44) (the "Opinion/Order"), the Court (1) denied Unum's motion for judgment on the administrative record, (2) granted Fichtl's motion for judgment on the administrative record, (3) determined that Fichtl was disabled within the meaning of the applicable LTD and life insurance policies at the relevant time, (4) reversed the challenged benefits decisions, and (5) ordered the reinstatement of Fichtl's LTD benefits as well as the Life Benefit. In its Civil Judgment dated April 2, 2024, the Court authorized Fichtl to file a

1

motion for attorney's fees and costs pursuant to § 1132(g)(1) of ERISA, and to request prejudgment interest in the same motion. *See* DE 46.

## II. The Court Should Deem Fichtl Entitled to Attorney's Fees and Costs.

ERISA empowers district courts, in their discretion, to award attorney's fees and costs to either party (or neither party) at the conclusion of an action for benefits. 29 U.S.C. § 1132(g)(1). It is, however, "well-established that Congress intended the fees provisions of ERISA to encourage beneficiaries to enforce their statutory rights." *Donachie v. Liberty Life Assur. Co. of Boston*, 745 F.3d 41, 45-46 (2d Cir. 2014) (citation omitted). Consequently, "**granting a prevailing plaintiff's request for fees is appropriate absent some particular justification for not doing so**." *Id.* at 47 (emphasis added). To be eligible for fees, a plaintiff must simply meet the threshold requirement of having achieved "some degree of success on the merits." *Id.* at 46 (citing *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 254-55, 130 S.Ct. 2149 (2010)). Indeed, "whether a plaintiff has achieved some degree of success on the merits is the sole factor that a court *must* consider" in exercising its discretion to award fees. *Id.* (emphasis in original). For this reason, courts in the Second Circuit "routinely award fees to prevailing plaintiffs in ERISA actions based solely on their achieving some degree of success on the merits." *Doe v. Unum Life Ins. Co. of Am.*, No. 12-Civ-9327, 2016 WL 335867, *2 (S.D.N.Y., Jan. 28, 2016) (collecting cases). In the present case, since Fichtl achieved complete success on the merits and is clearly the prevailing party, there is "no question" that he is "eligible for an award of attorneys' fees." *Donachie*, 745 F.3d at 47. This Court should therefore deem him entitled to fees and costs, as there is no basis for making an exception to the rule and refusing to do so. *See Graziano v. First Unum Life Ins. Co.*, No. 21-cv-2708, 2024 WL 1175143, *2 (S.D.N.Y., Mar. 19, 2024) (awarding fees and costs to ERISA plaintiff who "succeeded on his claim that he was disabled within the meaning of the LTD plan").

2

**III. The Attorney's Fees Requested by Fichtl are Reasonable**.

In the Second Circuit, attorney's fees are awarded by "determining a presumptively reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours." *Graziano*, *supra*, at *2 (citation omitted). Under the circuit's "forum rule," fees are awarded according to the "hourly rates employed in the district in which the reviewing court sits." *Id*. (citation omitted). The district court has "considerable discretion" in setting a reasonable hourly rate. *Id.* (citation omitted). In exercising that discretion, the court may take "judicial notice of the rates awarded in prior cases" and also rely on its "own familiarity with the rates prevailing in the district." *Id*. The court also has broad discretion to "assess the reasonableness of the hours worked." *Alfano v. CIGNA Life Ins. Co. of New York*, No. 07-Civ-9661, 2009 WL 890626, *4 (S.D.N.Y., Apr. 2, 2009). As to the latter issue, the court may rely on its "own familiarity with the demands of the case" in exercising its discretion. *Graziano*, *supra*, at *4.

A. Hourly Rates

With respect to hourly rates, Fichtl respectfully contends that the *Graziano* decision -- issued one week before this Court entered the Opinion/Order -- establishes the current standard for fee awards to prevailing plaintiffs in ERISA disability cases in the Southern District of New York. The prevailing plaintiff in *Graziano* was represented by Scott Riemer, a highly experienced (30 years) ERISA disability attorney. *See Graziano*, *supra*, at *2. The court approved an hourly rate of $788 (based on a ten percent reduction of the requested rate of $875) for Mr. Riemer's services in the case.

Fichtl was represented in the instant matter by the firm of Attorneys Dell and Schaefer, Chartered ("Dell & Schaefer"), which was founded in 1979 and currently has thirteen attorneys. ERISA disability litigation on behalf of plaintiffs comprises the great majority of Dell &

3

Schaefer's business and has done so for many years. *See* Dell Decl., ¶ 3. The legal services in this case were performed by three attorneys -- Gregory M. Dell, Stephen F. Jessup, and Jerel C. Dawson. Each of the foregoing lawyers is a very experienced, highly specialized ERISA disability litigator.

Mr. Dell, who initially reviewed the claim and drafted Fichtl's complaint, is the managing partner and sole shareholder of Dell & Schaefer. *See* Dell Decl., ¶¶ 3, 7. Mr. Dell's practice has focused mainly on disability litigation, and particularly ERISA disability litigation, since 2003. *Id.* Based on the rate recently awarded to an experienced ERISA lawyer in *Graziano*, Fichtl respectfully contends that $788 is a reasonable hourly rate for Mr. Dell.

Mr. Jessup next took part in the representation, particularly in connection with handling the court-ordered mediation and conducting settlement negotiations. Mr. Jessup has been an ERISA disability practitioner for sixteen years, in which time he has represented approximately 1,000 claimants and handled more than 100 mediations in federal court. *See* Jessup Decl., ¶¶ 3-4. Based on the rate recently awarded to an experienced ERISA lawyer in *Graziano*, Fichtl respectfully contends that $788 is a reasonable hourly rate for Mr. Jessup.

After the mediation conference failed to result in a settlement, the laboring oar in the motion practice on behalf of Fichtl was wielded by Mr. Dawson, a specialist in federal ERISA disability litigation and appeals since 2003. *See* Dawson Decl., ¶¶ 5-10. During that time, Mr. Dawson has obtained more than fifty summary judgments in ERISA disability cases. *Id.*, ¶ 8. Based on the rate recently awarded to an experienced ERISA lawyer in *Graziano*, Fichtl respectfully suggests that $788 is a reasonable rate for Mr. Dawson as well.

With respect to rates, Fichtl additionally notes that federal ERISA litigation is a difficult field in which relatively few attorneys practice. *See* Dell Decl., ¶ 5. Representing disability

4

plaintiffs in ERISA cases requires specialized knowledge and experience, including deep familiarity with the complex administrative procedural regulations issued by the Department of Labor to govern employee benefit plans. *Id.* To assert claims and prove disability, the practitioner must be highly conversant with the symptoms and impairments caused by numerous disabling medical conditions, and with the physical and cognitive requirements of a multitude of occupations. *Id.*

## B. Hours Worked

An application for attorney's fees is properly supported by "contemporaneous time records that identify the date, category of the task, a description of the work performed, and the number of hours worked by each individual." *Graziano*, at *4. The contemporaneousness requirement is satisfied if the attorney "made contemporaneous entries as the work as completed, and … her billing was based on these contemporaneous records." *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 149 (2d Cir. 2014). Here, the billing records submitted with the Dell Declaration provide all appropriate information (based on contemporaneous entries) while documenting the following hours worked by Fichtl's three attorneys:

| Attorney | Rate | Hours | Fees |
|---|---|---|---|
| *Gregory M. Dell* | $788 | 8.3 | $6,540.40 |
| *Stephen F. Jessup* | $788 | 19.7 | $15,523.60 |
| *Jerel C. Dawson* | $788 | 136.2 | $107,325.60 |
| **Totals** | | 164.2 | $129,389.60 |

With respect to the number of hours expended, Fichtl notes that the administrative record consists of 3,521 pages, the majority of which are detailed medical records. He further notes that Unum disputed the standard of judicial review, thus requiring additional time expenditure in

litigating that issue, which was decided favorably to Fichtl. *See* DE 44, pg. 20-23 (discussing and adjudicating standard of review issue).

Finally, Fichtl respectfully contends that the 164.2 total hours -- meaning $129,389.60 in fees -- expended by his attorneys reflect their exceptional efficiency in securing a completely favorable outcome. Indeed, the fees in this case constitute a bargain compared to other awards in ERISA disability cases in the Southern District of New York. *See, e.g., Doe*, *supra* page 3, at *10 (awarding $219,000 in fees to successful plaintiff); *Graziano, supra*, at *5 (awarding $187,000 to successful plaintiff); *Dimopoulou v. First Unum Life Ins. Co.*, No. 1:13-cv-7159, 2017 WL 464430, *4 (S.D.N.Y., Feb. 3, 2017) ($223,000 to successful plaintiff).

Based on all of the foregoing, Fichtl respectfully requests an award of attorney's fees in the total amount of **$129,389.60**.

### IV. Fichtl Should Recover Filing, Service, and Mediation Costs.

Fees for filing a district court complaint and for service of process are recoverable in an ERISA action. *Finkel v. Lintech Elec., Inc.*, No. 18-cv-6865, 2021 WL 25354, *7 (E.D.N.Y., Jan. 4, 2021) (collecting cases). In addition, courts have held that a successful ERISA plaintiff can recover mediation fees. *See, e.g., Cohen v. Aetna Life Ins. Co.*, No. SA-CV-19-1506, 2021 WL 2070205, *11 (C.D. Cal., May 18, 2021). This Court should therefore award Fichtl his filing fee of $402, his service fee of $90, and his mediation fee of $4,850, as documented in an attachment to the Dell Declaration, for a total of **$5,342.00**.

### V.  The Court Should Award Prejudgment Interest at 9%.

In the Second Circuit, a district court has discretion to "award prejudgment interest to a successful ERISA claimant." *Slupinski v. First Unum Life Ins. Co.*, 554 F.3d 38, 53 (2d Cir. 2009). Prejudgment interest is considered "an element of the plaintiff's complete compensation." *Id*. at

54 (citation omitted). Indeed, a "monetary award does *not* fully compensate for an injury *unless it includes an interest component*." *Id.* (emphasis in original) (citation omitted). Prejudgment interest also ensures that the defendant will "not enjoy a windfall as a result of its wrongdoing." *Id.* (citation omitted). For these reasons, prejudgment interest "typically is granted to make a plaintiff whole" because the defendant might otherwise "wrongly benefit from use of plaintiff's money." *Id.* (citation omitted). This Court should therefore award prejudgment interest to Fichtl in order to compensate him fully and to prevent Unum from gaining an undeserved windfall. *See Dimopoulou*, *supra* page 6, at \*5 (ruling that award of prejudgment interest to ERISA disability plaintiff would "fully compensate Plaintiff for the benefit to which she is undisputedly entitled, be fair and equitable, and encourage the remedial purpose of ERISA").

Determining an appropriate rate of interest is also a matter for the district court's discretion. *Taaffe v. Life Ins. Co. of N. Am.*, 769 F. Supp.2d 530, 538 (S.D.N.Y. 2011). In *Taaffe*, an ERISA disability case, the court observed that the State of New York's statutory interest rate is nine percent, thus reflecting a "legislative judgment that 9% is an appropriate rate" for a New York plaintiff. *Id.* (citation omitted). This Court should agree and award prejudgment interest at an annual rate of nine percent. *See Doe*, *supra* page 3, at \*10 (collecting cases and noting that "courts in this Circuit routinely award New York's nine percent statutory rate in ERISA cases").

District courts also "routinely calculate prejudgment interest from the midpoint date in the delinquency period." *Taaffe*, 769 F. Supp.2d at 538 (collecting cases). The delinquency period extends from the date benefits were first owed -- in this case, March 4, 2020 -- until the date of payment. *Id.*

## **CONCLUSION**

WHEREFORE, for the above-stated reasons, the Court should (a) award Fichtl attorney's fees in the amount of $129,389.60 and costs in the amount of $5,342.00, for a total of $134,731.60, and (b) deem Fichtl entitled to recover prejudgment interest at a rate of 9 percent.


Respectfully Submitted,

                                                               ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2625 Weston Rd.
Weston, FL 33331
Phone: (954) 620-8300
Fax: (954) 922-6864

*/s/ Gregory M. Dell*
GREGORY MICHAEL DELL, ESQ
Florida Bar No: 299560
Email: gdell@diattorney.com
STEPHEN FRANCIS JESSUP ESQ
Florida Bar No.: 0026264
Email: stephen@diattorney.com
JEREL DAWSON
Florida Bar No.: 152390
Email: Jerel@diattorney.com


April 22, 2024

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with the Clerk of the Court via CM/ECF on this 22nd day of April, 2024.

>Respectfully submitted,
>
>ATTORNEYS DELL AND SCHAEFER, CHARTERED
>Attorneys for Plaintiff
>2625 Weston Rd.
>Weston, FL 33331
>(954) 620-8300
>
>/s/ *Gregory M. Dell*
>GREGORY MICHAEL DELL
>New York Bar No.: 4513115
>Email: gdell@diattorney.com
>JEREL C. DAWSON
>Fl. Bar No: 152390
>Email: jerel@diattorney.con
>STEPHEN F. JESSUP
>Fl. Bar No.: 26264
>Email: stephen@diattorney.com